UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS RAY THOMPSON,<br><br>                                  Petitioner,<br><br>v.<br><br>CHRISTIAN PFEIFFER, Warden, et al.,<br><br>                                  Respondents. | Case No.:  22-cv-1891 TWR (WVG)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE** |

Travis Ray Thompson ("Petitioner"), a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)

**FAILURE TO SATISFY FILING FEE REQUIREMENT**

Because this Court cannot proceed until Petitioner has either paid the filing fee or qualified to proceed *in forma pauperis*, the Petition is subject to dismissal without prejudice.  *See* Rules Governing § 2254 Cases, Rule 3(a), 28 U.S.C.A. § foll. 2254.  If Petitioner wishes to proceed with this action, he must submit a copy of this order with the requisite $5.00 fee or adequate proof he cannot pay the fee on or before **March 13, 2023**.

## FAILURE TO ALLEGE EXHAUSTION AS TO ALL CLAIMS IN PETITION

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b)–(c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus.")  "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it," which in this case is the California Supreme Court, "or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.")  The claims presented in the federal courts must be the same as those exhausted in state court and must also allege, in state court, how one or more of Petitioner's federal rights have been violated. *See Picard*, 404 U.S. at 276 ("Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies.  Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."); *see also Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.")

Petitioner indicates Ground One of his Petition has been raised in the California Supreme Court but fails to indicate whether Ground Two, which alleges an entitlement to recall/resentencing due to an intervening change in law by Assembly Bill 124(3), has been

raised in the California Supreme Court. (*See* ECF No. 1 at 2, 4.) Additionally, in the section on the habeas form asking for details as to any grounds "not previously presented in any other court, state or federal" and asking why those grounds were not presented, Petitioner states: "Petitioner had become aware of intervening change in law by AB 124(3), after filing the 'Supplemental Brief' in the Court of Appeal, whereas Ground Two complements the argument in the original claims (supporting the operative facts)." (*Id.* at 11.)

It therefore appears Petitioner has filed a "mixed" petition, that is, a petition which presents both exhausted and unexhausted claims. A mixed petition is subject to dismissal because it violates the "total exhaustion rule" required in habeas petitions brought pursuant to § 2254, but a petitioner must be permitted an opportunity to cure that defect prior to dismissal. *Rose v. Lundy*, 455 U.S. 509, 514–20 (1982). Having preliminarily determined that the Petition contains both an exhausted and an unexhausted claim, and assuming Petitioner succeeds in satisfying the filing fee requirement by either paying the filing fee or qualifying to proceed *in forma pauperis*, the Court notifies Petitioner of his options to avoid a future dismissal for failing to allege exhaustion of state court remedies.

**I.    Option 1:  Demonstrate Exhaustion**

Petitioner may file papers in which he alleges he has exhausted all of the claims in the Petition. If Petitioner chooses this option, these papers are due no later than **March 13, 2023.**

**II.   Option 2:  Voluntarily Dismiss the Petition**

Petitioner may move to voluntarily dismiss his entire federal Petition and return to state court to exhaust the unexhausted claim. Petitioner may then file a new federal petition containing only exhausted claims.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C.

§ 2244(d).[1]  The statute of limitations does not run while a properly filed state habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *cf. Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings"); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), *amended by* 439 F.3d 993.  However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending.  *Duncan*, 533 U.S. at 181–82.

If Petitioner chooses this second option, he must file a voluntary dismissal with this Court no later than **March 13, 2023**.

/ / /

---

[1] 28 U.S.C. § 2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

### III. Option 3: Formally Abandon Unexhausted Claim

Petitioner may formally abandon his unexhausted claim and proceed with his exhausted one. *See Rose*, 455 U.S. at 510, 520–21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this third option, he must file a pleading with this Court no later than **March 13, 2023**.

Petitioner is cautioned that once he abandons his unexhausted claim he may lose the ability to ever raise it in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); *see also* 28 U.S.C. § 2244 (a)–(b).[2]

### IV. Option 4: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claim. There are two methods available to Petitioner, the "stay and abeyance" procedure and the "withdrawal and abeyance" procedure.

If Petitioner wishes to use the "stay and abeyance" procedure, he should ask the Court to stay his mixed petition while he returns to state court to exhaust. Under this procedure he must demonstrate there are arguably meritorious claim(s) which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with

///

---

[2] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

respect to those claim(s), and that good cause exists for his failure to timely exhaust his state court remedies. *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005).

If Petitioner wishes to use the "withdrawal and abeyance" procedure, he must voluntarily withdraw his unexhausted claim(s), ask the Court to stay the proceedings and hold the fully exhausted petition in abeyance while he returns to state court to exhaust, and then seek permission to amend his petition to include the newly exhausted claim(s) after exhaustion is complete. *King v. Ryan*, 564 F.3d. 1133, 1135 (9th Cir. 2009). Although under this procedure Petitioner is not required to demonstrate good cause for his failure to timely exhaust, the newly exhausted claim(s) must be either timely under the statute of limitations or "relate back" to the claim(s) in the fully exhausted petition, that is, they must share a "common core of operative facts" with the previously exhausted claim(s). *Id*. at 1141 (quoting *Mayle v. Felix*, 545 U.S. 644, 659 (2005)).

If Petitioner chooses this fourth option, he must file a motion for a stay with this Court no later than **March 13, 2023**.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the Petition without prejudice for failure to satisfy the filing fee. If Petitioner wishes to proceed with this habeas action, he must, on or before **March 13, 2023**: (1) pay the $5.00 filing fee **or** submit adequate proof of his inability to pay the fee; **AND** (2) notify the Court of which of the options outlined above he chooses. Petitioner is cautioned that if he fails to respond to this Order, the Petition will remain dismissed without prejudice. *See Rose*, 455 U.S. at 522. The Clerk of

///
///
///
///
///
///
///

1  Court shall send a blank Southern District of California In Forma Pauperis Application to
2  Petitioner along with a copy of this Order.
3      **IT IS SO ORDERED.**
4  Dated: January 12, 2023

_____
Honorable Todd W. Robinson
United States District Judge