**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

TRAVIS RAY THOMPSON,
Petitioner,

v.

CHRISTIAN PFEIFFER, Warden, et al.,
Respondents.

Case No.: 3:22-cv-01891-TWR (VET)

**REPORT AND RECOMMENDATION REGARDING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

This Report and Recommendation is submitted to United States District Judge Todd W. Robinson pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and 72.3(e).

## I. INTRODUCTION

On November 28, 2022, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. Doc. No. 1. On January 12, 2023, the Court dismissed the Petition without prejudice for failing to satisfy the filling fee requirement, but later granted Petitioner's motion for leave to proceed in forma pauperis. *See* Doc. Nos. 2, 4, 6. Respondents moved to dismiss on June 12, 2023 ("Motion to Dismiss"). Doc. Nos. 9, 10. Petitioner opposed. Doc. Nos. 13, 14. Having considered the parties' arguments,

applicable law, and the record before it, and for the reasons discussed below, the undersigned **RECOMMENDS** the District Court **GRANT** the Motion.

## II. FACTUAL BACKGROUND

### A. Prior Challenges to Petitioner's Custodial Judgments

In August 1999, Petitioner assaulted a correctional officer while confined in Centinela prison, resulting in a July 2003 conviction for felony assault by an inmate and possession of a weapon by an inmate. *See People v. Thompson*, No. D042750, 2005 Cal. App. Unpub. LEXIS 650, *1 (Cal. Ct. App. Jan. 26, 2005) ("*Thompson I*"); Doc. No. 11-1 at 60.[1] He was sentenced to twenty-five years to life in prison with the possibility of parole ("2003 Judgment"). *Thompson v. Kernan*, No. 06-cv-2314-IEG (RBB), 2008 U.S. Dist. LEXIS 53027, at *4 (S.D. Cal. July 11, 2008).

In November 2003, Petitioner assaulted a fellow inmate at an El Centro detention facility, resulting in a June 4, 2004 conviction for assault with a deadly weapon other than a firearm. *See People v. Thompson*, No. D044829, 2005 Cal. App. Unpub. LEXIS 7191, *1 (Cal. Ct. App. Aug. 12, 2005) ("*Thompson II*"); Doc. No. 11-1 at 42. The trial court sentenced Petitioner to an indeterminate prison term of twenty-five years to life, plus an enhancement of five years for prior serious felony convictions ("2004 Judgment"). Doc. No. 11-1 at 42–43.

In 2007, this Court denied a habeas corpus petition related to Petitioner's 2004 Judgment. *See Thompson v. Woodford*, 619 F. Supp. 2d 1028 (S.D. Cal. 2007) (citing *Thompson II*). The Ninth Circuit affirmed the denial. *Thompson v. Woodford*, 377 F. App'x 639 (9th Cir. 2010). In 2008, this Court denied a habeas corpus petition related to Petitioner's July 2003 Conviction. *Thompson*, 2008 U.S. Dist. LEXIS 53027, at *3–4 (citing *Thompson I*). The Ninth Circuit denied Petitioner a certificate of appealability. *Thompson v. Kernan*, No. 08-56494 (9th Cir. Aug. 19, 2009), *cert. denied sub nom*

---

[1] Page numbers for docketed materials refer to those imprinted by the Court's electronic case filing system.

*Thompson v. Gonzalez*, 130 S. Ct. 1524 (Feb. 22, 2010). In 2015, this Court denied Petitioner's motion to reconsider its 2008 order. *Thompson v. Kernan*, No. 06-cv-02314-IEG (RBB), 2015 U.S. Dist. LEXIS 161841, *1 (S.D. Cal. Dec. 1, 2015). The Ninth Circuit denied Petitioner's request for a certificate of appealability, challenging the denial of the reconsideration motion. *Thompson v. Kernan*, No. 16-55094 (9th Cir. July 22, 2016), *cert. denied*, 137 S. Ct. 660 (Jan. 9, 2017).

In 2016, Petitioner assaulted a correctional officer in Folsom prison, resulting in a jury conviction of battery by a prisoner on a nonconfined person while armed with a deadly weapon and possession of a sharp instrument by an inmate. *See People v. Thompson*, No. C084825, 2018 Cal. App. Unpub. LEXIS 7909, *1 (Cal. Ct. App. Nov. 26, 2018) ("*Thompson III*"). The trial court sustained two prior strike allegations and sentenced Petitioner to serve twenty-five years to life in prison. *Id.* Petitioner's subsequent appeal was denied. *Id*. The District Court for the Eastern District of California denied Petitioner's habeas corpus petition that followed his third conviction. *Thompson v. Pfeiffer*, No. 19-cv-2175-WBS-KJN, 2022 U.S. Dist. LEXIS 117747, at *1 (E.D. Cal., July 5, 2022) (citing *Thompson III*). The Ninth Circuit denied Petitioner a certificate of appealability. *Thompson v. Pfeiffer*, No. 22-16237, 2022 U.S. Dist. LEXIS 117747, *1 (9th Cir. Oct. 27, 2022), *cert. dismissed*, 143 S. Ct. 1775 (Apr. 17, 2023).

### B. Underlying State Court Motion for a *Franklin* Hearing

On June 22, 2020, Petitioner filed "A Motion for a *Franklin* Hearing; Petition for Recall of Sentence" (collectively the "*Franklin* Motion").[2] Doc. No. 11-1 at 92; *see also People v. Thompson*, No. D079336, 2022 WL 2733390, *1 n.2 (Cal. Ct. App. July 14, 2022) (citing *People v. Franklin*, 63 Cal. 4th 261 (2016)). On November 16, 2020, the State of California (the "State") opposed the *Franklin* Motion. Doc. No. 11-2 at 14–16. After

---

[2] A *Franklin* hearing gives certain juvenile offenders the opportunity to prepare a record for future parole consideration. *See generally People v. Franklin*, 63 Cal. 4th 261 (2016).

several continuances, at a November 30, 2020 status conference, the state court advised Petitioner that it was setting the matter for a "*Franklin* hearing and not resentencing."[3] *Id.* at 22–23. At a subsequent hearing on February 16, 2021, the state court again confirmed that it was treating Petitioner's "case as a request for a Franklin hearing only" and "not a resentencing." *Id.* at 44. The court set the matter for hearing on March 2, 2021 to determine whether Petitioner was "entitled to a Franklin hearing." The state court also ordered Petitioner to submit "something" confirming he did not have sufficient opportunity to create a record with "the kind of information that sections 3051 and [4801] deem relevant at a parole hearing" and suggested Petitioner review the *Franklin* opinion.[4] *Id.* The State again opposed the *Franklin* Motion. *Id.* at 64–90.

Following several continuances, on June 3, 2021, the state court held a hearing and expressed confusion regarding the relief Plaintiff sought. *Id.* at 114. The state court asked Petitioner to articulate the relief he sought, and following a discussion of the *Franklin* case, the court concluded that Petitioner did not qualify for relief under Cal. Penal Code § 3051. *Id.* However, the court permitted Petitioner to file supplemental briefing regarding his eligibility for a *Franklin* hearing. *Id.* at 114; 128–157 (Petitioner's supplemental brief regarding eligibility for a *Franklin* hearing). The state court held a final hearing on July 15, 2021 and concluded that Petitioner's request was "not a request under *Franklin*" and denied his request. Doc. No. 11-3 at 3–6; Doc. No. 11-4 at 12–13 (describing the state court's reasoning, including that the purpose of a *Franklin* hearing is for the court to receive evidence that might be relevant at a future youthful parole hearing, and Petitioner failed to show why he did not have such an opportunity and what exactly he would submit).

---

[3] Petitioner requested to represent himself during these state court proceedings, and after accepting his waiver of counsel, the state court later appointed advisory counsel. Doc. No. 11-2 at 43; 58–59.

[4] California Penal Code § 3051 sets forth the requirements for a youth offender parole hearing and § 4801 specifies the Parole Board's considerations when reviewing youth offender parole eligibility.

Petitioner appealed on August 21, 2021. *Id.* at 8. Through appointed appellate counsel, Petitioner presented a summary of the state court proceedings and facts and requested that the appellate court conduct a review of the record for appealable issues in accordance with *People v. Wende* and *Anders v. California*. Doc. No. 11-4 at 10, 15. To assist the appellate court, appellate counsel identified, but did not "raise," one potential issue for review: whether the state trial court properly refused to consider appellant's motion as a request for resentencing. *Id.* at 13–14; *see also People v. Thompson*, No. D079336, 2022 Cal. App. Unpub. LEXIS 4343, at *2 (July 14, 2022) (noting that counsel "has not been able to identify any arguable issues for reversal on appeal"). Petitioner filed a separate appellate brief, complaining about the assistance of counsel at trial and on appeal, and argued that correctional officers at trial were corrupt. *Thompson*, 2022 Cal. App. Unpub. LEXIS 4343, at *2–3; *see also* Doc. No. 11-5 at 2–7.

On July 14, 2022, the state appellate court affirmed the denial of Petitioner's *Franklin* Motion. *Thompson*, 2022 Cal. App. Unpub. LEXIS 4343, at *3. The court "reviewed the entire record as required by *Wende* and *Anders*" and did not discover "any arguable issues for reversal on appeal." *Id.* The appellate court further concluded that competent counsel represented Petitioner on appeal. *Id.* In September 2022, the California Supreme Court denied further review. Doc. No. 11-9 at 2.

### C. The Instant Petition

Based on the face of the Petition, Petitioner challenges his convictions in *Thompson I* and *Thompson II*, namely the 2003 and 2004 Judgments. Doc. No. 1 at 1. Further, in describing "the nature of the offenses involved," Petitioner lists the offenses associated with *Thompson I* and *Thompson II*. *Id.*; *see also* Doc. No. 11-1 at 9–22; Doc. No. 11-1 at 24–29. Petitioner also references the state appellate court's July 14, 2022 decision, affirming denial of the *Franklin* Motion. Doc. No. 1 at 2.

The Petition separately alleges two grounds for relief. In Ground One, Petitioner appears to challenge the constitutionality of California Penal Code § 3051(h) based on his "exclusion" from youth-offender consideration. Doc. No. 1 at 4; *see also* Cal. Penal Code

§ 3051(h) (setting forth parole limitation for youthful offenders). Specifically, Petitioner contends that the statute is "void" and unconstitutional due to an alleged "conflict of interest" arising from "financial contributions" made by the California Correctional Peace Officers Association to the "the courts, DA's, AG, legislature, and Cal. SCt," in a purported "quid pro quo arrangement." *Id.* at 7–10; *see also* Petitioner's Opp'n, Doc. No. 14 at 2. Petitioner believes this conflict of interest violates due process and ultimately deprived him of a *Franklin* hearing. Doc. No. 1 at 10.

Petitioner's contentions in support of Ground Two are more difficult to decipher. Based on a liberal interpretation of the Petition, Petitioner seems to argue that an intervening change in law "requires recall/resentencing," and specifically, consideration of "youth-related mitigating factors." *Id.* at 4. Petitioner cites a 2021 amendment to California Penal Code § 1170(d). *Id.* It is unclear if Petitioner asserts Ground Two as a claim separate and apart from Ground One as he provides no elaboration. *Id.*

## III. DISCUSSION

### A. The Petition Impermissibly Challenges Multiple State Court Judgments

Habeas petitions filed after April 24, 1996, as is the case here, are subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lind v. Murphy*, 524 U.S. 320, 327 (1997). AEDPA review applies to "a single state court decision, not to some amalgamation of multiple state court decisions." *Barker v. Fleming*, 423 F.3d 1085, 1093 (9th Cir. 2005). Thus, this Court cannot engage in "collective review" of multiple state court judgments. *Id.* Moreover, under rules governing habeas corpus proceedings, "a petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Rules Governing Section 2254 Cases in the United States District Courts, Rule 2(e).

The Petition identifies two judgments "under attack"—the 2003 Judgment and 2004 Judgment. Doc. No. 1 at 1. The Petition therefore is an improper challenge to multiple state court judgments. And because Petitioner cannot challenge multiple state court judgments in one habeas corpus petition, the Petition is subject to dismissal without prejudice. *See*

*Bianchi v. Blodgett*, 925 F.2d 305, 308–11 (9th Cir. 1991) (affirming dismissal of federal habeas corpus petition without prejudice under former Rule 2(d) (now Rule 2(e)) when petition challenged the judgments of two different state courts); *Howard v. Avenal State Prison*, No. 23-02164-WLH-JDE, 2023 U.S. Dist. LEXIS 193312, at *5 (C.D. Cal. Oct. 27, 2023) ("Because Petitioner is challenging two separate state court judgments in his Petition, the Petition is improper and subject to dismissal."); *Alford v. Salinas Valley State Prison*, No. C 06-4054 JF (PR), 2007 U.S. Dist. LEXIS 31758, *3 (N.D. Cal. Apr. 16, 2007) ("The Court notes that Petitioner can challenge only one conviction per petition -- that is, if he wishes to challenge two separate convictions, he must file two separate petitions.").

**B. To the Extent Petitioner Challenges His 2003 and 2004 Judgments, the Petition is Barred as a Successive Petition**

Under the AEDPA, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The phrase "second or successive" is a "term of art" and "must be interpreted with respect to the judgment challenged." *Magwood v. Patterson*, 561 U.S. 320, 332–333 (2010). "A petition can be deemed 'second or successive' under § 2244(b) only if it challenges the same state court judgment challenged in an earlier petition." *Morales v. Sherman*, 949 F.3d 474, 476 (9th Cir. 2020). "If the petition is second or successive, then the district court lacks jurisdiction and must dismiss the petition unless and until the court of appeals grants an application to file it." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018).

Here, the face of the Petition challenges the 2003 and 2004 Judgments, identified by date as the "judgment of conviction under attack." Doc. No. 1 at 1. And, as described above, this Court previously considered and rejected Petitioner's challenges to both judgments. *See Thompson*, 619 F. Supp. 2d at 1030 (detailing Petitioner's July 2004 conviction for using a deadly weapon during the assault on a fellow inmate and associated sentence of

twenty-five years to life for the assault and a determinate term of five years for a prior serious felony conviction); *Thompson*, 2008 U.S. Dist. LEXIS 53027, at *1 ("His petition challenges his July, 2003 convictions for assault by a prisoner and possession of a weapon by a prisoner.").

Specifically, Petitioner first challenged his 2004 Judgment, arguing (1) ineffective assistance of counsel; (2) trial court error based on revocation of his pro per status; (3) error based on restriction of evidence; and (4) jury misconduct. *Thompson*, 619 F. Supp. 2d at 1030. This Court considered and rejected each argument. *Id.* at 1031–1034. Next, Petitioner challenged his 2003 Judgment, arguing (1) error based on failure to instruct the jury regarding entrapment; (2) prosecutorial misconduct; (3) unfair trial due to political influence; (4) actual innocence; (5) error based on removing appointed counsel; and (6) ineffective assistance of appellate counsel. *Thomspon*, 2008 U.S. Dist. LEXIS 53027, at *6–*20. Again, this Court considered and rejected each argument. *Id.* The Ninth Circuit subsequently either affirmed the denial or denied a certificate of appealability for each prior petition. *See Thompson*, 377 F. App'x 639 (citing *Thompson II*); *Thompson*, 2015 WL 7820679, at *1 (citing *Thompson I*).

The current Petition again challenges the 2003 and 2004 Judgements, albeit Petitioner's arguments now center on his associated sentencing and parole eligibility. However, even if the Petition raises different arguments, the Court agrees with Respondents that Petitioner is still challenging his custody under the same judgments at issue in the prior petitions—the 2003 and 2004 Judgments. Further, the Petition does not reference or otherwise identify a new or different judgment pursuant to which he is detained. Indeed, Petitioner even seemingly reworks his previous "political influence" argument made in his initial challenge to the 2003 Judgment. *See* Doc. No. 1 at 8–10.

Nevertheless, Petitioner argues that the Petition is not a second or subsequent challenge to his prior judgments because the previous petitions challenged "the integrity of the process." Doc. No 14 at 6. Petitioner cites authority that a "motion should not be construed as a second or successive habeas petition where it alleges defect in the federal

habeas proceedings." *Woodberry v. McKune*, 172 F. App'x 850, 852 (10th Cir. 2006). Yet nowhere does Petitioner appear to challenge the integrity of any habeas proceedings; instead, he challenges state parole eligibility requirements and limitations. Petitioner also references various statutes to apparently frame the Petition as a challenge of the state court judge's impartiality. *See* Doc. No. 14 at 6. But again, Petitioner cites case law irrelevant to the issue of whether the Petition is second or successive. *Id.*, citing *Liljerberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988) (affirming that a district court judge was disqualified from holding a civil bench trial because he sat on the board of an interested party).

Moreover, Petitioner's reference to the denial of the *Franklin* Motion does not save the Petition. *See* Doc. No. 1 at 2; Doc. No. 14 at 7. A second-in-time habeas petition is not "second or successive" if the petition challenges a "new judgment intervening between the two habeas petitions." *Magwood*, 561 U.S. at 341–42; *Morales*, 949 F.3d at 476 ("when a new judgment intervenes between the filing of two federal habeas petitions, a petition challenging the new, intervening judgment is not considered 'second or successive'"); *Clayton v. Biter*, 868 F.3d 840, 844 (9th Cir. 2017) (holding that denial of resentencing petition under Cal. Penal Code § 1237 results in entry of new appealable order and represented a new, intervening judgment).

Here, the proceedings surrounding Petitioner's *Franklin* Motion reflected much confusion by the state trial court. However, it ultimately treated Petitioner's *Franklin* Motion as a request for a *Franklin* hearing and denied that request. *See* Doc. Nos. 11-2 at 22–23, 44, 109–114; 11-3 at 3; 11-4 at 13. A *Franklin* hearing provides an opportunity "to create a record of youth-related mitigating factors to be used at a future parole hearing." *Springfield v. Lozano,* No. SACV 19-0013-DDP (AGR), 2023 U.S. Dist. LEXIS 86015, at *27–*28 (C.D. Cal. Feb. 24, 2023). Denying Petitioner a *Franklin* hearing did not impact Petitioner's sentence or release date, or legally invalidate the prior judgments. Nor does a *Franklin* hearing necessarily lead to a grant of parole. And because the state court did not consider the *Franklin* Motion a request for resentencing, the state court did not resentence

Petitioner, deny him resentencing, or otherwise issue a new, intervening judgment concerning his sentence. *Compare Magwood*, 561 U.S. at 339 (holding that a second habeas petition challenging an intervening judgment imposed after resentencing was not "second or successive" under the AEDPA, where the first habeas petition was filed prior to resentencing and challenged the original judgment); *Gonzalez v. Sherman*, 873 F.3d 763, 769 (9th Cir. 2017) (holding that alteration in custody credits constitutes a new, intervening judgment because it changes both the duration and legality of a defendant's sentence). As such, there is no basis to conclude that denial of a *Franklin* hearing is a new, intervening judgment.

In short, because the Petition identifies the 2003 and 2004 Judgments as the judgments "under attack," which were the bases for his prior petitions, the Court finds that the Petition is a second or successive petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding that petitioner's subsequent petition, challenging his sentence, was a "second or successive" petition because at the time he filed each petition, one in 1998 and the other in 2002, he was in custody pursuant to the same 1998 judgment). Further, the record does not reflect that Petitioner sought or received approval from the Ninth Circuit to file the instant Petition. Therefore, the Petition is an unauthorized second or successive petition and the Court lacks jurisdiction to entertain it. *See* 28 U.S.C. § 2244(b)(4).

**C. The Petition Does Not State a Cognizable Claim of Relief**

Alternatively, even if the Court looks past the deficiencies evident on the face of the Petition, the Petition fails to state a cognizable claim as it does not seek relief that falls within the core of habeas corpus.

Federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "Ninth Circuit has long held that the writ of habeas corpus is limited to attacks upon the legality or duration of confinement . . . ." *Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023). As such, federal habeas relief is unavailable when a "claim

does not fall with the core of habeas corpus," meaning success on a petitioner's claim "would not necessarily lead to his immediate or earlier release from confinement." *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016). District courts adjudicating habeas petitions under § 2254 should summarily dismiss claims that are not cognizable. *Clayton*, 868 F.3d at 845 (citing Rule 4 of the Rules Governing § 2254 Cases).

In Ground One, Petitioner seeks a *Franklin* hearing based on the purported unconstitutionality of Cal. Penal Code § 3051(h), which sets parole limitations for certain youth offenders. *See* Doc. No. 1 at 10 (arguing that he "was entitled to a Franklin hearing"); Doc. No. 14 at 3 ("Had it not been for 3051(h)'s exclusion, Petitioner would have proceeded to a Franklin hearing, been permitted to establish the actual 'circumstances' of the crime committed to support mitigating factors, and resentencing, . . . removing the life sentence."); *see also* Cal. Penal Code § 3051(h). In Ground Two, Petitioner argues that Cal. Penal Code §1170(h) entitles him to "recall/resentencing." Doc. No. 1 at 4. Petitioner suggests the "8th amendment is implicated" because Section 1170(d) "requires recall/resentencing, whether the case is final or open, to consider youth-related mitigating factors." *Id.* Neither ground is a basis for habeas corpus relief.

First, providing a *Franklin* hearing would not, as Petitioner suggests, lead to "removing [his] life sentence." Doc. No. 14 at 3. As explained above, a *Franklin* hearing simply provides Petitioner an opportunity to develop a record of information, specifically youth-mitigating factors, that would be relevant in a future youth offender parole hearing. *See Franklin*, 63 Cal. 4th at 284. If Petitioner prevailed on this claim, he would obtain the requested *Franklin* hearing, but it would not result in his immediate release or even necessarily shorten his term of imprisonment. *See, e.g.*, *Springfield*, 2023 U.S. Dist. LEXIS 86015, at *28 ("Because success on [a *Franklin* hearing] claim would not necessarily shorten Petitioner's term of imprisonment, the claim is not cognizable on federal habeas."); *Coates v. Bloomfield*, No. 20-cv-02507-DSF (AFM), 2021 U.S. Dist. LEXIS 67129, *11–*12 (C.D. Cal. Mar. 4, 2021) ("Because granting [a *Franklin* hearing] would not necessarily result in Petitioner's immediate or accelerated release from prison, a claim

involving the entitlement to create a record of his youth factors is not cognizable under federal habeas."); *Tucker v. Gastelo*, No. 18-cv-0035 TLN KJN P, 2019 U.S. Dist. LEXIS 154392, at *14 (E.D. Cal. Sep. 10, 2019) (holding that even if petitioner could demonstrate entitlement to *Franklin* hearing, claim was not cognizable in federal habeas corpus proceeding because petitioner would not be guaranteed release on parole or the setting of a parole eligibility date because youth factors were just one of numerous factors used to determine suitability for release).

The same is true with respect to Ground Two. As an initial matter, the Court notes that Petitioner did not exhaust Ground Two. *See* 28 U.S.C. § 2254(b)(1) (requiring that applicant for habeas corpus relief exhaust available remedies in state court). The state trial court did not treat Petitioner's *Franklin* Motion as a request for resentencing and, in fact, declined to do so. *See* Doc. No. 11-2 at 44. Accordingly, no state court resentenced Petitioner or considered his eligibility for resentencing.[5]

Still, even if the Court were to consider Ground Two,[6] concluding that Petitioner is entitled to recall of his sentence and resentencing under Cal. Penal Code § 1170(d) also does not lead to his immediate or earlier release. Subject to certain exceptions, Section 1170(d) allows a defendant to petition a sentencing court for recall and resentencing if the defendant was under 18 years of age at the time of the commission of an offense for which he was sentenced to life in prison without the possibility of parole and has been incarcerated for at least 15 years. Cal. Penal Code § 1170(d)(1)(A). Petitioner is not serving a life

---

[5] The State suggests that in denying Petitioner's *Franklin* Motion, the state court denied Petitioner resentencing. *See, e.g.*, Doc. No. 10-1 at 16. The record contradicts this conclusion as the state court repeatedly confirmed that it was not treating the motion as a resentencing. *See* Doc. No. 11-2 at 22–23; 44.

[6] *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) (court may deny an unexhausted habeas corpus claim on the merits when it is clear the claim is not "colorable"); *see* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

sentence without the possibility of parole.[7] In fact, he received a parole hearing in January 2020, demonstrating that parole is a real possibility. Doc. No. 11-2 at 69. And even if the Court concluded that Petitioner was entitled to petition for recall and resentencing under Section 1170, the filing of a resentencing petition does not guarantee a reduction in sentencing, let alone immediate release. *See* Cal. Penal Code § 1170(d)(6) (listing factors a state court considers in determining whether to resentence a defendant).

After considering several factors, the state has discretion to resentence defendant in the same manner or to a term that is less than the initial sentence, provided the new sentence is not greater than the initial sentence. *See* Cal. Penal Code § 1170(d)(7)–(9). "It would be entirely speculative to project how a state court might rule on a future petition for recall of sentence filed by Petitioner." *Springfield*, 2023 U.S. Dist. LEXIS 86015, at *30. As such, Ground Two is not cognizable as a habeas corpus claim where success would not result in an order requiring Petitioner's "immediate or speedier release." *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (where success on claims would render invalid state procedures used to deny parole eligibility and suitability, but would not "necessarily spell speedier release," claims did not lie at "the core of habeas corpus"); *Carroll v. Asuncion*, No. CV 17-8297-DSF(E), 2018 U.S. Dist. LEXIS 81017, at *7 (C.D. Cal. Mar. 23, 2018) (holding that court lacked habeas jurisdiction to entertain challenge to section 1170(d)(2) where success would not result in immediate or speedier release from custody).

After liberally construing Petitioner's claims, Petitioner is not entitled to habeas corpus relief. Petitioner does not seek relief that would necessarily provide for his immediate or speedy release from custody. As a result, dismissal is warranted for lack of a cognizable claim.

---

[7] The Court notes that Petitioner's suggestion that his sentence is the "functional equivalent" of a sentence of life without the possibility of parole is unavailing. Doc. No. 1 at 6; *see Demirdjian v. Gipson*, 832 F.3d 1060, 1077 (9th Cir. 2016) (sentence of two consecutive terms of 25-years to life, where parole eligibility arose at age 66, was not the "functional equivalent" of life without parole).

### D. Statute of Limitations

Respondent argues that Petitioner's claims are time-barred. The AEDPA limitations period is not a jurisdictional bar. *Day v. McDonough*, 547 U.S. 198, 205 (2006). As discussed above, none of Petitioner's claims state a cognizable claim or are otherwise appropriate for habeas corpus relief. Therefore, the Court need not address whether this action is timely. *See Van Buskirk v. Baldwin*, 265 F.3d 1080, 1083 (9th Cir. 2001) (district court may deny petition on merits rather than reaching "complex questions lurking in the time bar of the AEDPA").

## IV. CONCLUSION

In summary, based on the foregoing, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) **GRANTING** Respondents' Motion to Dismiss.

**IT IS HEREBY ORDERED** that on or before **August 27, 2024**, any party to this action may file and serve written objections to this Report and Recommendation. The document should be captioned "Objection to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to objections shall be filed and served within seven (7) days of the filing of the objections. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of this Order. *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: August 13, 2024

Honorable Valerie E. Torres
United States Magistrate Judge